UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16-cv-61606-WPD

Judge: William P. Dimitrouleas
Magistrate Judge: Lurana S. Snow

EMBROITIQUE, LLC,

    Plaintiff,

v.

STITCHTOPIA, INC., AMBER
STEGER a/k/a LEANNE HAWTHORNE
a/k/a AMBER SWEENEY,
ALAN AFFELT, and ITTY BITTY DRAGON, INC.

    Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION FROM DEFENDANT, STITCHTOPIA, INC.**

Plaintiff, Embroitique, LLC, pursuant to Federal Rule of Civil Procedure 37, Local Rule 26.1(g), and this Court's General Order on Discovery Objections and Procedures (DE 27), hereby files this Motion to Compel the Production of Documents and Information from Defendant, Stitchtopia, Inc., and states as follows:

### I. Responses Claiming Documents Will Be Produced

In response to several Requests for Production, Stitchtopia lodged no objections, but rather stated "[c]opies of responsive documents will be produced." Despite this response, either no documents were produced or only a small subset of responsive documents were produced.

Request No. 1 seeks "[a]ll Documents identified in response to Plaintiff's First Set of Interrogatories to Stitchtopia." *Plaintiff's First Request for Production of Documents to Stitchtopia, Inc.*, at p. 4 ¶ 1, attached hereto as Exhibit 1. Stitchtopia responded that "[c]opies of responsive documents will be produced." *Defendant Stitchtopia's Supplemental Responses to Plaintiff's First Request for Production*, at p.1 ¶ 1, attached hereto as Exhibit 2.[1] However, no such documents were produced. Interrogatory No. 2 asked Stitchtopia to "[i]dentify all Person(s) involved in creating and maintaining Your website, and, in so doing, explain each Person's role and identify any Documents relating to the creation or maintenance of Your website." *Plaintiff's First Set of Interrogatories to Stitchtopia, Inc.*, at p. 4 ¶ 2, attached hereto as Exhibit 4. Stitchtopia responded by identifying individuals and their job titles and stating that "[a]s far as documents are concerned, Defendants will produce responsive documents, if any." *Defendant Stitchtopia's Supplemental Answers to Plaintiff's First Set of Interrogatories*, at p.1 ¶ 2, attached hereto as Exhibit 5. Stitchtopia did not produce any documents relating to the creation or maintenance of its website. Stitchtopia should have produced these documents, including correspondence with the identified individuals. Given the nature of Plaintiff's claims, including claims for copyright infringement and theft of trade secrets, Plaintiff is entitled to obtain this information.

Request No. 3 seeks "[a]ll Documents concerning or constituting any communication between You and any Person concerning the claims, allegations, and events alleged in the Complaint and/or the Amended Complaint." Ex. 1, at p.4 ¶ 3. In response, Stitchtopia produced a

---

[1] While Exhibit 2 is dated November 20, 2017, it was not served until November 21, 2017. *See E-mail dated November 21, 2017*, attached hereto as Exhibit 3.

2

very limited set of communications comprised of: (1) Alan Affelt's Facebook download[2], which includes messages; (2) screenshots of Stitchtopia's Facebook messages; and (3) A total of 54 emails between Mr. Affelt and Ms. Steger from July through September of 2014.  Stitchtopia did not produce a single email from its stitchtopia@gmail.com account or any email address at stitchtopia.com or a single Facebook message from Stitchtopia's fake Facebook persona, Leann Hawthorne.[3]  Stitchtopia did not produce any text messages or other chat communications.  It cannot be that these things don't exist.  For example, Ms. Steger[4] discussed this case with Melissa Bastow. *See November 3, 2017 Facebook Conversation*, attached hereto as Exhibit 6; *see also August 9, 2017 Facebook Conversation*, attached hereto as Exhibit 7. Ms. Steger also discussed this case with Melanie Millett.  *See October 26, 2017 Facebook Conversation*, attached hereto as Exhibit 8.  Stitchtopia did not assert any claim of privilege or produce a privilege log, therefore any belated claim of privilege is waived.  Plaintiff is entitled to obtain these documents, which contain relevant statements by Defendants about this litigation and the claims and defenses raised therein.

Requests Nos. 7 through 12 seek documents and communications regarding Plaintiff or its principal, Jaclyn Graham, whether between the parties or between a party and a third-person. Ex. 1, at p.4-5 ¶¶ 7-12.  Stitchtopia produced Mr. Affelt's Facebook download, which contained Mr. Affelt's Facebook chat conversations with Ms. Steger, "Leann Hawthorne", Melissa Bastow, and Melanie Millette.  Stitchtopia produced the Facebook download for Ms. Steger and "Leann Hawthorne" but no messages after 2012 were provided.  Further, Stitchtopia did not produce any text messages or e-mail correspondence.  These things must exist.  For example, Ms. Steger references her Hotmail account and the fact that it "doesn't ever get rid of sent emails" and she has "lots of partial conversations." *See Facebook conversation dated July 8, 2016*, attached hereto as Exhibit 9.  Again, Stitchtopia did not assert any claim of privilege or produce a privilege log,

---

[2] Mr. Affelt's Facebook data download has not been produced in its original download format, as discussed in Plaintiff's Motion to Compel Production of Documents and Information from Alan Affelt, filed contemporaneously herewith.
[3] Stitchtopia produced Facebook messages from Ms. Steger's account but only up to 2012, as Ms. Steger deleted her Facebook message history.
[4] Stitchtopia uses "Leann Hawthorne" as its public representative and Ms. Steger is the only person who uses that name in Facebook conversations with Mr. Affelt.

therefore any belated claim of privilege is waived. Plaintiff is entitled to obtain these documents, which are relevant to the confidential and trade secret information shared by Ms. Steger.

Request No. 43 seeks "[a]ny Documents evidencing the planning or preparation undertaken prior to opening for business." Ex. 1, at p.7 ¶ 43. In response, Stitchtopia produced a very limited set of communications comprised of 54 emails between Mr. Affelt and Ms. Steger from July through September of 2014. Stitchtopia did not produce any text messages or e-mail correspondence. These things must exist. As previously discussed, Ms. Steger still has Hotmail email conversations. Again, Stitchtopia did not assert any claim of privilege or produce a privilege log, therefore any belated claim of privilege is waived. Plaintiff is entitled to obtain these documents, which are relevant to the confidential and trade secret information shared by Ms. Steger.

## II.   **Responses Claiming Documents Do Not Exist**

In response to several Requests for Production, Stitchtopia lodged no objections, but rather stated "[n]one." Such a response is not credible, and in some cases demonstrably untrue, as follows.

Request No. 27 seeks "[a]ll Documents referring or relating to Your design and/or digitization process." Ex. 1, at p. 6 ¶ 27. The Facebook conversation between Mr. Affelt and "Leann Hawthorne" shows that there were communications regarding this process. Additionally, Ms. Steger testified at the evidentiary hearing on Plaintiff's Motion for Preliminary Injunction [D.E. 44] that she maintains a personal notebook containing both personal and business information. She also testified that she purportedly wrote down some of Plaintiff's processes in her notebook. It's unlikely that Ms. Steger suddenly stopped this practice after ending her employment with Embroitique. Plaintiff is entitled to obtain these documents, which are relevant to the confidential and trade secret information shared and used by Ms. Steger.

Request No. 46 seeks "[y]our marketing plan and related Documents evidencing marketing strategy." Ex. 1, at p. 7 ¶ 46. The Facebook conversation between Mr. Affelt and "Leann Hawthorne" shows that there were notes regarding marketing strategy meetings. *See Facebook conversation dated September 26-27, 2017*, attached hereto as Exhibit 10. Notes contained in Ms. Steger's notebook, discussed above, regarding marketing strategies are relevant and responsive. Plaintiff is entitled to obtain these documents, which are relevant to the confidential and trade secret information shared and used by Ms. Steger.

4

Request No. 61 seeks "[e]lectronic copies of your complete profiles on any social networking site (including all updates, changes, or modifications to Your profiles) and all status updates, messages, wall comments, pages followed, groups joined, posts to groups, blog entries, details, blurbs, comments, and applications." Ex. 1, at p. 8-9 ¶ 61. Stitchtopia responded "[s]ee Defendant's Facebook page, a copy of which has been produced. Responding further, Defendant's investigation continues with regard to other social media profiles and Defendant will further supplement this Response should additional responsive documents become available." Ex. 2, at p. 5-6 ¶ 61. Stitchtopia provided files for its Facebook data as well as for the Facebook data of "Leann Hawthorne" but those files are not in their original form. When a user downloads his or her Facebook data, Facebook provides a .zip file containing all data that it maintains for a user. When the user opens the .zip file, the user will immediately see an index as well as folders for html, messages, photos, and videos. While a business download will have different subfolders, a download for a Facebook business page is provided as a .zip file. The Facebook downloads provided by Stitchtopia for Stitchtopia and "Leann Hawthorne" are not .zip files. This means that Stitchtopia's representative downloaded the Facebook data, extracted it to a computer, and then produced the un-zipped files. Plaintiff is entitled to obtain the Facebook data downloads for both Stitchtopia and "Leann Hawthorne" in their original form.

### III.     **Responses That Are Unclear Whether Or Not Documents Exist**

In response to several Requests for Production, Stitchtopia lodged no objections, but rather stated "[c]opies of responsive documents, *__if any__*, will be produced." (emphasis added). These responses leave Plaintiff guessing as to whether or not responsive documents exist and, if so, whether or not Stitchtopia produced those documents.

Request No. 30 seeks "[a]ny drafts or other Documents evidencing the creation and/or design of Your website." Ex. 1, at p.6 ¶ 30. Stitchtopia did not produce any documents relating to the creation or design of its website. Stitchtopia should have produced these documents, including correspondence. Given the nature of Plaintiff's claims, including claims for copyright infringement and theft of trade secrets, Plaintiff is entitled to obtain this information.

Similarly, Request No. 32 seeks "[a]ny drafts or other Documents evidencing the creation and/or design of Your Etsy store." Ex. 1, at p. 6 ¶ 32. Stitchtopia did not produce any documents relating to the creation or design of its Etsy store. Stitchtopia should have produced these

5

documents, including correspondence. Given the nature of Plaintiff's claims, including claims for copyright infringement and theft of trade secrets, Plaintiff is entitled to obtain this information.

Request No. 58 seeks "[a]ny correspondence between You and any designer or test stitcher regarding or relating to any request that such designer or test stitcher perform any work for You or regarding or relating to any work performed by such designer or test stitcher." Ex. 1, at p. 8 ¶ 58. Stitchtopia produced a list of test stitchers as well as a few receipts showing font purchases. Stitchtopia did not produce any correspondence in any form. Stitchtopia should have produced these documents, including correspondence. The Facebook conversation between Mr. Affelt and "Leann Hawthorne" shows that there were communications with someone for Honeybee, which is a designer for Stitchtopia. Stitchtopia's relationship and the information provided to Honeybee is relevant given that Stitchtopia is digitizing Honeybee's designs and may have disclosed Plaintiff's confidential and trade secret information to Honeybee.

Request No. 64 seeks "[a]ll files, drafts, data, or other Documents evidencing the development of the pattern sold by you as 'Grace'." Ex. 1, at p. 9 ¶ 64. Stitchtopia did not produce any files relating to Grace. Plaintiff is entitled to review these files to determine if they are taken from Plaintiff's file for this same design, sold as Buttercup. This is relevant to Plaintiff's claims for theft of trade secrets and for violation of the Computer Fraud and Abuse Act.

Lastly, Request No. 73 seeks "[r]ecords of payments to designers or test stitcher, including invoices, checks, deposits, and/or wire transfer confirmations or other electronic transfers of payments." Stitchtopia produced a few pages showing the purchase of some font sets. Stitchtopia did not produce anything relating to payment to any test stitcher or any other designer, including Honeybee. These documents are relevant to determine if Stitchtopia purchased its designs from elsewhere or if it accessed and used Plaintiff's files in violation of the Computer Fraud and Abuse Act. These documents also are relevant to determine if Stitchtopia used Plaintiff's confidential and trade secret information as to Plaintiff's designers and test stitchers.

WHEREFORE, Embroitique, LLC respectfully requests that this Court enter an Order compelling Stitchtopia, Inc. to produce all documents and information responsive to Embroitique's First Request for Production Nos. 1, 3, 7-12, 27, 30, 32, 43, 46, 58, 61, 64, and 73, awarding to Embroitique its attorney's fees and costs incurred in making this motion, and granting such other and further relief as this Court deems just and appropriate.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1, undersigned counsel for Plaintiff certifies that she has attempted to confer with counsel for Defendants by telephone on October 16, 2017 and December 5, 2017 with e-mail follow-up on numerous occasions in a good faith effort to resolve the issues raised herein, and was able to resolve some issues but not those raised in this motion.

Respectfully submitted this 21st day of December, 2017.

By: s/Michelle Cohen Levy
Michelle Cohen Levy, FBN 0068514
**The Law Office of Michelle Cohen Levy, P.A.**
633 SE Third Avenue, Suite 4F
Fort Lauderdale, Florida 33301
P: (954) 651-9196 | F: (954) 463-1245
Michelle@CohenLevyLegal.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2017, I electronically filed the foregoing via CM/ECF, and served the document on all parties by the method indicated on the service list.

s/Michelle Cohen Levy

## SERVICE LIST

Mark A. Nieds, Esq.
Florida Bar No. 0114940
Henderson, Franklin, Starnes & Holt
Post Office Box 280
Fort Myers, Florida 33902-0280
Mark.Nieds@henlaw.com
Denise.Corujo@henlaw.com
Counsel for Defendants, Amber Steger,
Alan Affelt, Stitchtopia, Inc.,
Itty Bitty Dragon, Inc.
Method of Service: CM/ECF